IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Valtrus Innovations Ltd. and** § | | |
| **Key Patent Innovations Ltd.** § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. 2:25-cv-00323 | |
| § | | |
| **TierPoint, LLC** § | JURY TRIAL DEMANDED | |
| § | | |
| Defendant. § | | |
| § | | |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint for Patent Infringement and damages against Defendant TierPoint, LLC ("TierPoint" or "Defendant") and, in support, allege the following:

### PARTIES

1. Plaintiff Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. HPE's worldwide corporate headquarters is located in Houston, Texas. One of HPE's primary U.S. facilities is located in Plano, Texas.

2. Plaintiff KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents (as that term is defined below). KPI is an Irish entity duly organized

and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, TierPoint is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business 12444 Powerscourt Drive, Suite 450, St. Louis, Missouri, 63131. TierPoint has a regular and established place of business at a data center located in this District: DA2, 820 Allen Commerce Parkway, Allen, TX 75013 ("DA2 Data Center"). On information and belief, TierPoint may be served with process through its registered agent at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## PATENTS IN SUIT

4. Valtrus is the assignee of and owns all right and title to U.S. Patent Nos. 9,310,855 (the "'855 Patent"); 7,939,967 (the "'967 Patent"); and 7,057,509 (the "'509 Patent") (collectively, "the Asserted Patents").

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to structural organization of data centers, multiple power supply in data centers, and monitoring and tracking objects.

6. The '855 Patent, entitled "Flexible data center and methods for deployment," was duly and lawfully issued on April 12, 2016. A true and correct copy of the '855 Patent is attached hereto as Exhibit 1.

7. The '855 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '855 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8.      The '967 Patent, entitled "Multiple Power Supply Control," was duly and lawfully issued on May 10, 2011. A true and correct copy of the '967 Patent is attached hereto as Exhibit 2.

9.      The '967 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '967 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10.     The '509 Patent, entitled "Monitoring an object with identification data and tracking data," was duly and lawfully issued on June 6, 2006. A true and correct copy of the '509 Patent is attached hereto as Exhibit 3.

11.     The '509 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '509 Patent, including the right to seek damages, including past damages, for any infringement thereof.

12.     TierPoint has been on notice of the '855 and '967 Patents and its infringement since at least March 22, 2024. Valtrus sent TierPoint a letter on March 22, 2024 regarding a Notice of Infringement of Valtrus Innovation Ltd.'s Patents ("Notice Letter"). The Notice Letter was addressed to TierPoint's Executive Vice President, Chief Legal Officer and Secretary, Wendy Knudsen, and provided the specific factual basis for Valtrus' allegations of infringement of the '855 and '967 Patents. The Notice Letter also proposed a meeting to discuss a potential license or other arrangement between Valtrus and TierPoint.

13.     TierPoint, through counsel, responded to the Notice Letter on March 27, 2024. Valtrus and TierPoint met and exchanged correspondence throughout 2024 to discuss a potential license, but did not reach an agreement. Valtrus filed a Complaint against TierPoint in this Court alleging infringement of other patents on September 25, 2024. That case remains pending (2:24-cv-00776).

14. To date, TierPoint has not stopped its infringing activities regarding the Asserted Patents.

## JURISDICTION AND VENUE

15. Plaintiffs incorporate by reference paragraphs 1-14 herein.

16. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

17. This District has general and specific personal jurisdiction over TierPoint because, directly or through intermediaries, TierPoint has committed acts within this District giving rise to this action; is present in and transacts and conducts business, directly, and/or indirectly, in this District and the State of Texas; and transacts and conduct business with residents of this District and the State of Texas.

18. Plaintiffs' causes of action arise, at least in part, from TierPoint's contacts with and activities in and/or directed at this District and the State of Texas.

19. TierPoint has infringed the Asserted Patents within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents.  TierPoint, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and services in or into this District and the State of Texas.  TierPoint regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives

substantial revenue from goods and services provided to residents of this District and the State of Texas.

20. This Court has personal jurisdiction over TierPoint pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*

21. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

22. TierPoint is doing business, either directly or through respective agents, on an ongoing basis in this Judicial District and elsewhere in the United States and has committed acts of infringement in this District. TierPoint has a regular and established place of business in this District, including at its DA2 Data Center. On information and belief, TierPoint makes, uses, sells, offers to sell, and/or imports infringing products into and/or within this District, including at its DA2 Data Center. TierPoint maintains a permanent and/or continuing presence within this District at its DA2 Data Center and has the requisite minimum contacts with this District such that this venue is a fair and reasonable one. Upon information and belief, TierPoint has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

## FIRST CLAIM

**(Infringement of the '855 Patent)**

23. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-22 of the Complaint.

24. The '855 Patent is generally directed to a flexible data center and methods for deployment of flexible data centers.

25. TierPoint has been on notice of the '855 Patent and a specific factual basis for its infringement of the '855 Patent since at least the date of Valtrus' Notice Letter. On information and belief, TierPoint did not take any action to stop its infringement.

26. TierPoint has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 8 of the '855 Patent, by making, using, selling and/or offering for sale flexible data centers. For example, on information and belief, TierPoint's data centers infringe the '855 Patent. An exemplary claim chart demonstrating one way in which TierPoint infringed claim 8 of the '855 Patent is attached as Exhibit 4.

27. To the extent TierPoint has failed to take any action to stop its infringement after being placed on notice of the above, such infringement has been willful.

## SECOND CLAIM

### (Infringement of the '967 Patent)

28. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-27 of the Complaint.

29. The '967 patent is generally directed to multiple power supply control in data centers.

30. TierPoint has been on notice of the '967 Patent and a specific factual basis for its infringement of the '967 Patent since at least the date of Valtrus' Notice Letter. On information and belief, TierPoint did not take any action to stop its infringement.

31. TierPoint has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '967 Patent, by making, using, selling and/or offering for sale data centers using multiple power supply control. For example, on information and belief, TierPoint's redundant power systems in its U.S. data centers infringe the '967 Patent. An exemplary claim chart demonstrating one way in which TierPoint infringes claim 1 of the '967 Patent is attached as Exhibit 5.

32. To the extent TierPoint has failed to take any action to stop its infringement after being placed on notice of the above, such infringement has been willful.

## THIRD CLAIM

### (Infringement of the '509 Patent)

33. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-32 of the Complaint.

34. The '509 patent is generally directed to a method of monitoring an object in a data center.

35. TierPoint has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 17 of the '509 Patent, by making, using, selling and/or offering for sale data centers that monitor an object therein. For example, on information and belief, TierPoint's U.S. data centers infringe the '509 Patent by performing a method for monitoring an object. An exemplary claim chart demonstrating one way in which TierPoint infringes claim 17 of the '509 Patent is attached as Exhibit 6.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against TierPoint as follows:

A. That TierPoint has infringed the Asserted Patents, and unless enjoined, will continue to infringe the Asserted Patents;

B. That TierPoint's infringement of the applicable Asserted Patents has been willful;

C. That TierPoint pay Plaintiffs damages adequate to compensate Plaintiffs for TierPoint's past infringement of each of the Asserted Patents, and present and future infringement of the applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D. That TierPoint pay prejudgment and post-judgment interest on the damages assessed;

E. That TierPoint pay Plaintiffs enhanced damages pursuant to 35 U.S.C. § 284;

F. That TierPoint be enjoined from infringing the applicable Asserted Patents, or if its infringement is not enjoined, that TierPoint be ordered to pay ongoing royalties to Plaintiffs for any post-judgment infringement of the applicable Asserted Patents;

G. That this is an exceptional case under 35 U.S.C. § 285; and that TierPoint pay Plaintiffs' attorneys' fees and costs in this action; and

H. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

April 1, 2025                                        Respectfully submitted,

 

*/s/ Eric H. Findlay*
Matthew G. Berkowitz – LEAD ATTORNEY
Aaron Morris
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Connor S. Houghton
Ariane S. Mann (TX Bar No. 24140399)
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com
amann@reichmanjorgensen.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

*Attorneys for Plaintiffs*
*Valtrus Innovations Limited and Key Patent*
*Innovations Limited*